[No. 20525.  In Bank. — July 5, 1889.]

THE PEOPLE, RESPONDENT, *v.* L. C. LENON, APPELLANT.

CRIMINAL LAW — ENTRY OF JUDGMENT NUNC PRO TUNC — PRESENCE OF PRISONER. — If the prisoner is present in court when judgment is pronounced and rendered by the court, it is all that is required by the Penal Code; and if the clerk neglects to enter the judgment at the time, the court may afterwards order it entered *nunc pro tunc*, without the presence of the prisoner.

APPEAL from an order of the Superior Court of Los Angeles County directing judgment to be entered *nunc pro tunc*.

The facts are stated in the opinion of the court.

*Hugh J. & William Crawford*, for Appellant.

*Attorney-General Johnson*, for Respondent.

McFarland, J. —Appellant was convicted of rape, and on the day duly appointed for pronouncing judgment he was brought into court, and while he was present there, judgment was duly pronounced and rendered that he be imprisoned in the state prison for a certain number of years. The clerk, however, neglected at that time to enter the judgment; and afterward the court made an order that the judgment be entered as of the date at which it was pronounced, which was accordingly done. This order was made when appellant was not present, and he appeals from the order on the ground that it was void, because made in his absence.

The position of appellant is not tenable. Appellant was present when the judgment was pronounced and rendered, and that is all that is required by the Penal Code on the subject. (Secs. 1191, 1193.) It has been held in some cases that a different judgment cannot be rendered or the original judgment changed without the presence of the defendant, or after the lapse of a certain period of time. But in the case at bar there was no change of the judgment or new judgment entered. The entry of the judgment which had been already rendered was a mere ministerial act, which the clerk probably had the power to perform without any order of the court. (*Franklin* v. *Merida*, 50 Cal. 289; *In re Cook's Estate*, 77 Cal. 220.) We are astonished, however, that in so grave a case as this there was such unpardonable neglect to enter the judgment immediately after it was rendered.

The order appealed from is affirmed.

Works, J., Sharpstein, J., Paterson, J., Thornton. J., and Beatty, C. J., concurred.