LOVINA E. COOPER v. ABRAM COOPER.

*Divorce—Cruelty.*

Defendant appeals from a decree granting complainant a divorce on the ground of extreme cruelty, which is affirmed. No question of law is involved in the case not fully settled by previous decisions.

Appeal from Washtenaw. (Kinne, J.) Argued October 23, 1889. Decided December 28, 1889.

Bill for divorce. Defendant appeals. Affirmed. The facts are stated in the opinion.

*Uhl & Crane,* for complainant, contended:

1. The defendant has not set up a condonation of the acts of cruelty in his answer. If he wished to make that defense, he should have insisted upon it as a defense in his answer.

*Frank Hinckley (Alex. White,* of counsel), for defendant, contended:

1. No divorce shall be decreed if the complainant is guilty of the same misconduct charged against the defendant; citing Act No. 137, Laws of 1887.

2. To entitle a party to a decree for cruelty it must be extreme, entirely subverting the family relation; citing *Cooper v. Cooper,* 17 Mich. 205; *Cox v. Cox,* 35 Id. 461; and it cannot be based on gossip; citing *Soper v. Soper,* 29 Id. 306; nor granted where forbearance would obviate the difficulties; citing *Stafford v. Stafford,* 52 Id. 522; nor where the complainant is maneuvering to obtain a legal advantage; citing *Bishop v. Bishop,* 17 Id. 210; nor for want of support where the wife refuses to live with her husband; citing *Randall v. Randall,* 37 Id. 563; *Cox v. Cox,* 35 Id. 461.

SHERWOOD, C. J. Complainant in this case brought her suit in the Washtenaw circuit court, in chancery, to obtain a decree of divorce from the defendant on the ground of extreme cruelty. The acts of cruelty charged are neglect to support; excluding complainant's children by a former husband from complainant's house and home without cause; using vulgar language to complainant, imputing to her a want of chastity; keeping away from their home complainant's daughters; destroying the affection of their adopted daughter for complainant; threatening to leave complainant; and that he was grossly mean, insulting, and tyrannical to her, compelling her to consult him as to whom she could entertain as her company, and circulating slanderous and defamatory stories about complainant's daughters.

In the defendant's answer the charges were all denied, or explanations given which were urged as a sufficient excuse for what actually did occur on the specific occasions referred to.

The cause was heard on pleadings and proofs before Judge Kinne, by whom the proofs were taken in open court; and after due deliberation the circuit judge directed the entry of the decree that the marriage between the parties be dissolved, and declined to give costs to either party. Defendant appeals.

We are all satisfied, after a perusal of the record and briefs of counsel in this case, that the learned circuit judge arrived at a correct conclusion. There are generally no questions of law arising in the case not heretofore fully settled by our former decisions in this class of cases; and upon the facts the decree is clearly supported by the evidence, and it must be affirmed.

The other Justices concurred.