[S. F. No. 3014. In Bank.—March 12, 1902.]

BERNARD WARD, Petitioner, v. FRANK H. DUNNE, Judge of the Superior Court, etc., Respondent.

CRIMINAL LAW—ENTRY OF JUDGMENT NUNC PRO TUNC—APPEAL—BILL OF EXCEPTIONS—MANDAMUS.—An order in a criminal case directing the entry of the judgment *nunc pro tunc*, as of a prior date, reciting that the judgment was then duly rendered, and that the clerk failed to enter it fully and correctly, is an order after judgment affecting a substantial right of the defendant, which is appealable; and *mandamus* will lie to compel the settlement of a bill of exceptions upon appeal therefrom.

MANDAMUS to a Judge of the Superior Court of the City and County of San Francisco to compel the settlement of a bill of exceptions. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Petitioner.

W. W. Foote, and J. J. Lermen, for Respondent.

BEATTY, C. J.—*Mandamus* to compel the settlement of a bill of exceptions.

From the return to our alternative writ, and the facts stated and agreed to at the hearing, the case may be stated as follows: On the 2d of December, 1899, a judgment was pronounced against the petitioner, convicting him of felony embezzlement and sentencing him to the state prison at Folsom. From that judgment he appealed to this court, and the transcript of the record filed here contained a copy of a judgment in due form, which was by this court affirmed. Upon the going down of the *remittitur* to the superior court, it was there discovered for the first time that no proper entry of the judgment had ever been made. It was one of those rubber-stamp entries of which we have had previous experience, where the stamp failed to make a distinct impression and the blanks were not filled out, the result being that there was no intelligible judgment of record. The trial judge, upon making this discovery, on November 19, 1901, made an order directing the entry of a judgment *nunc pro tunc,* as of the second day of December, 1899, the order containing recitals that the judgment was duly rendered at that date, but that the clerk had failed to enter it fully and correctly. From this order directing the entry of a *nunc pro tunc* judgment the petitioner at once appealed, and within ten days, upon proper notice to the district attorney, presented to the trial judge his draft of a bill of exceptions to the making of the order and requested its settlement. This demand was refused by the trial judge, and the present proceeding was instituted to compel him to settle a proper bill.

Two reasons are assigned by the respondent for his refusal to settle the bill of exceptions: 1. That it was not presented within due time after judgment was rendered, as required by section 1171 of the Penal Code; and 2. That the order of November 19th was not an order after final judgment affecting a substantial right of the petitioner.

If the second of these reasons is unfounded, the first has no application to the case. The present appeal is not from the judgment, but is an appeal from an order after judgment, from which, if it affects any substantial right of the petitioner, he has an undoubted right to appeal. (Pen. Code, sec. 1237, subd. 3.) That the order does affect the substantial rights of the peti-

tioner is clear; for while under the order he can be committed to Folsom and there imprisoned, without the order he cannot be imprisoned.    The only commitment to the state prison— the only authority to the warden for the detention of a convict —is a certified copy of the judgment (Pen. Code, sec. 1216), and there can be no copy of a judgment which has no existence of record, but remains solely in the breast of the judge.    This order, therefore, for the entry of a judgment *nunc pro tunc* was essential to the imprisonment of the petitioner, and he has a right to appeal to this court upon the question whether it was authorized by the showing made at the time of its entry. To that end a bill of exceptions setting forth the grounds of the proceeding is essential.    The statute in plain terms gives the right to the bill of exceptions (Pen. Code, sec. 1172, subd. 5), and the proper practice was pursued in seeking its settlement.    (Pen. Code, sec. 1174.)

The case of *People* v. *Lenon,* 79 Cal. 631, is cited to the proposition that an order directing the entry of judgment *nunc pro tunc* in a criminal case is not appealable.    But no such proposition was there decided.    The appeal was entertained and the order affirmed upon the ground that it was properly made in that case, but it does not follow that it would be affirmed in every case, and under all circumstances.    It was said in that case that the entry of a judgment duly pronounced is a ministerial act, and it was suggested that under the circumstances of that case the clerk could probably have performed that ministerial act without an order of the court. But it was not held or intimated that when the circumstances are such that the court feels called upon to make an order for the entry of judgment *nunc pro tunc* such order is not appealable.    Every inference from the decision is to the contrary.

There is some criticism of the course pursued by the petitioner in first appealing from the judgment, presenting a transcript here, containing a copy of a judgment purporting to have been duly entered, and after affirmance claiming that no judgment was ever entered.    This is not very material, but the criticism appears to be misdirected.

The petitioner was required to appeal from the judgment within one year from its *rendition* (Pen. Code, sec. 1239), and to obtain a stay of proceedings he must appeal promptly, without waiting for the entry of the judgment.    In the making

up and filing of the transcript he had no part. All that was done by the clerk without his intervention, and when it was filed here he was as well justified as the attorney-general in supposing that it was a correct copy of the record.

It is ordered that a peremptory writ of mandate issue, commanding the respondent to settle a bill of exceptions to the order of November 19, 1901.

Temple, J., and Van Dyke, J., concurred.

HARRISON, J., concurring.—The superior court, by its order of November 19, 1901, purported to correct the minutes of its action on December 2, 1899, in rendering judgment against the petitioner herein, so that the same might correctly set forth the judgment then pronounced and rendered. The order sets forth a judgment which it declares is ''the true and correct judgment as the same was in fact made, given, and rendered by the court on the second day of December, 1899,'' and orders ''that this order be entered *nunc pro tunc* as of Saturday, December 2, 1899.''

The power of a court of record to cause its acts and proceedings to be correctly set forth in its records, and for that purpose to cause its records to be corrected in accordance with the facts, is undoubted. (*Kaufman* v. *Shain*, 111 Cal. 16.[1]) The court cannot, however, under the form of an amendment of its records, make of record a judgment that was never in fact given. Such action by it will be set aside upon proper proceedings therefor. The party affected by such amendment may show that the order therefor does not correctly set forth the judgment which was in fact rendered. The defendant in a criminal case is given the right to appeal from any order after judgment which affects his substantial rights, but whether his substantial rights are affected by such order cannot be determined, unless he can have a bill of exceptions showing the facts in reference thereto. If the order made herein November 19, 1901, has the effect to change the judgment which was rendered December 2, 1899, his substantial rights are affected thereby.

The order does not upon its face purport to render a new judgment, or to change the judgment theretofore rendered, and the judgment which is set forth therein as the actual

[1] 52 Am. St. Rep. 139.

judgment rendered by the court on December 2, 1899, is identical in terms with the judgment which is set forth in the transcript on appeal from that judgment, and which was affirmed in this court October 11, 1901. (*People* v. *Ward,* 134 Cal. 301.) If this is in fact the judgment which was then rendered, the superior court was justified in refusing to settle any bill of exceptions thereon, but, as the petitioner has the right to appeal from the order and to show that the court erred in finding that it was the same judgment, the court should settle a bill of exceptions in reference to said order. I therefore concur in the judgment.

McFarland, J., concurred in the foregoing opinion.