[No. 15673. Department One. March 3, 1920.]

EMMA KREPLIN, *Appellant*, v. THEODORE KREPLIN, *Respondent*.[1]

DIVORCE (36)—EVIDENCE—SUFFICIENCY—CRUELTY. It is error to refuse a divorce to a wife on the ground of cruel treatment where it is undisputed that the husband did not go anywhere with her, spent his evenings with friends, and refused to talk to her, adopting a course of studied indifference for six months to such an extent as to constitute cruel treatment.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered July 9, 1919, dismissing on the merits, an action for a divorce, tried to the court. Reversed.

*P. C. Kibbe,* for appellant.

*Remann & Gordon,* for respondent.

MAIN, J.—This is a divorce action and the complaint charges cruelty. The trial resulted in a judgment of dismissal from which the plaintiff appealed. The

[1]Reported in 188 Pac. 14.

parties were married on September 11, 1917. As a result of this marriage, one child was born, a girl, who at the time of the trial was eleven months old. The parties lived together for approximately twenty-two months, when the appellant, the wife, left the defendant, returned to the home of her parents, and immediately thereafter instituted this action. The appellant does not complain of any lack of housing, clothing or food. The respondent was employed at good wages, was thrifty and industrious, and in material things made adequate provision for his wife and child. The appellant testified that, during many months prior to the separation, the respondent had repeatedly called her vile and abusive names. In this she is corroborated to some extent by a younger sister, who spent a month with the parties shortly before the appellant returned to the home of her parents.

It would serve no useful purpose here to set out the cruel and abusive epithets which the appellant claims the respondent applied to her. The respondent denies the use of the language attributed to him, but the weight of the testimony is with the appellant. But however this may be, the respondent was guilty of cruelty in another respect. During the twenty-two months that they lived together, the respondent never accompanied the appellant anywhere, except upon two or three occasions. He spent most of his evenings with friends and companions with whom he worked during the day. During the last six months that the parties lived together, the respondent talked to the appellant just as little as he could get along with. This testimony is not denied. The respondent admits not going anywhere with his wife, spending his evenings with his friends and companions, and failure to talk to her. He offers as an excuse for not accompanying her anywhere that she did not request him to.

Without going further into the details of the facts, the record makes it obvious that the respondent had no thought for the welfare or happiness of his wife, except in providing a house, food, and clothing. During the earlier months of their married life, this may have been due only to thoughtlessness or neglect. During the last five or six months, his attitude toward her was one of cold and studied indifference, and this was carried to such an extent as to constitute cruel treatment. As was well said in *Spute v. Spute*, 74 Wash. 665, 134 Pac. 175:

"Some men are satisfied in the domestic relation if they have a woman in the kitchen. Some women are satisfied if they have a roof over their heads, enough to eat, and something to wear. But the woman who is true to the instincts of her sex must have love, or the marital relation is intolerable. With it, she will bear any burden, forgive any wrong and her heart will be light through all misfortunes. Counsel's conception of conjugal duty is wrong. It is true that the record discloses no blows nor words that the law accepts as evidence of cruel treatment, but the utter indifference and cold neglect of a spouse may bruise harder than a blow and leave a sting sharper than words."

This is not a case where the trial court has passed upon conflicting evidence apparently evenly balanced. The respondent's own admissions corroborate the appellant as to the cruelty arising from indifference. The trial judge recognized the fact that the husband's conduct had been such as should not be tolerated, but entertained the opinion that he had now been taught a lesson and, if the marriage relation was resumed, that his conduct would be different. The parties were told that they must go back together and try and see if they could not get along. The appellant, however, was not required to resume the marriage state. She had

a right to stand upon the record and bring the question here for review.

The judgment will be reversed and the cause remanded with direction to the superior court to enter a decree of divorce, award the custody of the child to the mother, and dispose of the property rights, award such alimony and attorney's fee to the appellant as may be just and reasonable.

Reversed.

HOLCOMB, C. J., PARKER, MACKINTOSH, and MITCHELL, JJ., concur.