[No. 18100. Department Two. November 16, 1923.]

LOUIS E. HEISER, *Respondent,* v. MARGARET HEISER, *Appellant.*[1]

DIVORCE (36)—EVIDENCE—SUFFICIENCY—CRUELTY OR OTHER ILL TREATMENT. A divorce on the ground of cruelty by a wife is sustained where there was evidence that the wife had an ungovernable temper, causing her to fall into frequent fits of rage, that she assaulted the plaintiff with a piece of tableware while at dinner with others, and that similar acts were of frequent occurrence.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 10, 1923, upon findings in favor of the plaintiff, granting a divorce, after a trial on the merits. Affirmed.

*Rickabaugh & McElroy,* for appellant.

*Gordon & Nolte,* for respondent.

[1]Reported in 220 Pac. 761.

FULLERTON, J.—This is an action for divorce, brought by the husband against the wife. The charge in the complaint of the husband was cruel treatment and personal indignities rendering life burdensome. The prayer was for an absolute divorce. The wife, answering the complaint, denied the allegations of cruelty and, by an affirmative answer and cross-complaint, charged the husband with habitual drunkenness, extending over a period of some four years; alleging that the husband had squandered most of his earnings during that period in drink and riotous living, and that he had made it impossible for her to live longer with him as his wife. The prayer was for separate maintenance.

The trial court, at the conclusion of the hearing had on the issues made by the pleadings, found that the wife had been guilty of cruelty toward the husband, found that she had failed to substantiate the allegations of her cross-complaint; and, after making appropriate conclusions of law based upon the findings, entered an interlocutory decree of divorce pursuant to the requirements of the code. Rem. Comp. Stat., § 988 [P. C. § 7507]. In this decree, however, he awarded to the wife all of the community property of the parties, estimated to be of the value of eight hundred dollars, and directed that the husband pay to the wife ten dollars per week as for alimony and support. From the decree, the wife appeals.

It is the appellant's contention that the evidence does not justify that part of the decree awarding to the respondent a divorce. But we are inclined to adopt the view of the trial court. The marital troubles of the parties began shortly after they entered into the marriage relation. These grew worse as the years advanced, until they culminated in a separation, and even the appellant now declares that there is no hope of a reconciliation. For this unhappy termination, each of

the parties blames the other. The respondent testifies that the appellant has an ungovernable temper, causing her to fall into frequent fits of rage, in which she has little control either of her acts or of her tongue. He mentions one instance in which she assaulted him with a piece of tableware when they were dining with others, and testifies generally that similar acts were of frequent occurrence.

The appellant admits the particular assault, but excuses it by saying that the respondent induced it by calling her a vile name. Generally, she lays all of their marital troubles to the respondent's intemperance. Indeed, she says that, for the four years preceding the trial, she "never knew him to be sober"; that "he was always drunk." In cross-examination her attention was called to the fact that he had been employed steadily at one place for all of that time, and she was asked how she accounted for the fact that he held his position if he was as intemperate as her statements indicated. To this she answered:

"Because he has to drink to hold it. That is why they like him, because he can drink more than the rest of them."

That these are extravagant statements would seem to be evidenced by their very nature; but that they are extravagant is further evidenced by the testimony of the respondent, and by the manager of the company for whom the respondent is employed, who testified that he had known the respondent for five years and had never seen him intoxicated. There is much else in the appellant's testimony which tends to show that she is given to exaggeration, and some things which indicate that, even while giving her testimony, she had difficulty in conforming her language to that decorum the time and place demanded.

The marriage has been fruitless and, apart from the public interests always to be considered, the parties alone are to be affected by the decree. No public interest here surely requires that this marriage state be longer continued, and it is our opinion that the decree is not only in accord with the evidence, but is to the best interests of the parties.

The decree will therefore stand affirmed.

MAIN, C. J., MITCHELL, and BRIDGES, JJ., concur.