No. 25,029.

S. L. BRACKEN, *Appellee*, v. LUTIE S. BRACKEN, *Appellant*.

### SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY—*Charge Extreme Cruelty—Acts of Adultery—Division of Property*. Repeated and false accusations of one spouse that the other has been guilty of acts of adultery with numerous persons which destroy the peace of mind of the other and defeat the ends and objects of matrimony, are sufficient to constitute extreme cruelty within the meaning of the statute and warrant the granting of a divorce.

2. SAME. Objections made to the proceedings in the case examined and held to be without error.

Appeal from Phillips district court; WILLARD SIMMONS, judge. Opinion filed February 9, 1924. Affirmed.

*J. F. Bennett*, of Phillipsburg, *A. W. Relihan, T. D. Relihan*, and *J. T. Reed*, all of Smith Center, for the appellant.

*Silas Porter*, of Topeka, *W. A. Barron*, and *William Kingery*, both of Phillipsburg, for the appellee.

Bracken v. Bracken.

The opinion of the court was delivered by

JOHNSTON, C. J.: S. L. Bracken brought this action against his wife to obtain a divorce. The ground upon which a divorce was asked was extreme cruelty of the defendant towards the plaintiff. He alleged that without cause she falsely, frequently and in an insulting manner charged him with being criminally intimate with a large number of women of respectability in the city, knowing the accusations to be false that she continued to accuse and nag him for a period of six or seven years and thereby defeated the objects of the marriage relation. The parties were married in 1909 and the judgment was rendered January 18, 1923. The divorce was granted on the ground alleged and it is contended by the defendant that the evidence was insufficient to justify the decree. Much evidence was produced in support of the averments that the defendant had falsely and without probable cause charged her husband with infidelity and with acts of adultery with a number of women, married and single, in the city where they resided and also that he had been criminally intimate with women residing in other cities and places, She repeated these accusations to a number of people and went so far as to state that he had a "Jane" in every town he visited, and that she had detectives watching him. She brought an action against a woman charging her with the alienation of the affections of her husband and alleged in her petition that the woman sued in that case had sexual intercourse with Bracken at numerous times and places. Plaintiff testified that these accusations persisted in had humiliated him, injured his business and destroyed his home relations and happiness. It may be said that there was evidence contradictory of that offered by the plaintiff, but the trial court has settled the contradictions in favor of the plaintiff.

The character of the accusations, the great number of them, involving so many women of respectability, and the fact that the defendant persisted in making charges which must be regarded as false over so long a period of time naturally caused great mental distress and destroyed the purposes and objects of the marriage relation. On the trial the defendant did not undertake to show that there was any truth in the statements and being made without probable cause there is ground for presuming them to be malicious. (*Wagner v. Wagner*, 36 Minn. 239; *Jones v. Jones*, 60 Tex. 451.) To constitute extreme cruelty within the meaning of our statute

it is not necessary there shall be physical violence nor even threats causing apprehension of bodily harm. Unjustifiable conduct which causes mental suffering such as the accusations made in the present case and which necessarily destroys the peace of mind and happiness of the other spouse and thwarts the ends and objects of matrimony, has been held to constitute such extreme cruelty as warrants the granting of a divorce. (*Carpenter v. Carpenter*, 30 Kan. 712, 2 Pac. 122; *Avery v. Avery*, 33 Kan. 1, 5 Pac. 418; *Rowe v. Rowe*, 89 Kan. 592, 132 Pac. 208.)

There is a complaint of the permission given to the plaintiff to amend his petition setting forth more fully the fact that the accusations made by defendant wounded plaintiff's feelings, injured his health, made living with her unbearable and frustrated the purpose and ends of the marriage relation. We think no prejudice could have resulted from the allowance of the amendment.

The division which the court made of the property of the parties is the subject of complaint, but from an examination of the evidence we can see no abuse of discretion in that regard.

Judgment affirmed.