[No. 24534.  Department Two.  June 7, 1933.]

SARAH BURG, *Respondent*, v. PHILLIP BURG, *Appellant*.[1]

*Cole & Dolby* and *Dykeman, Monheimer & Griffin,* for appellant.

*Eimon L. Wienir* and *Donald L. Gaines,* for respondent.

BLAKE, J.—This is an appeal by the defendant from an interlocutory decree of divorce granted to plaintiff in the superior court for King county.  No statement of facts has been brought up, so the sole question is whether the findings of fact support the judgment.

The appellant challenges the sufficiency of the findings in two particulars:  (1) That there is no finding that respondent was a resident of the state for more than one year immediately preceding the commencement of the action; (2) that the finding of cruelty (upon which ground the divorce was granted) is insufficient to support the decree.

[1]Reported in 22 P. (2d) 664.

274

■ The finding of residence reads as follows: "That the plaintiff has been a resident of Seattle, King county, Washington, for more than one year last past." The cause was tried in November, 1932. Taken literally, the finding establishes the residence of respondent in this state only for one year preceding the trial. It is the contention of appellant that the finding fails, therefore, to show jurisdiction, in that the action was commenced by the filing of the complaint September 8, 1931. This, we think, is altogether too narrow a conception of the function of findings.

While the finding is technically incorrect, in that the recital of residence relates to the date of the findings rather than to the date of the commencement of the action, nevertheless it should be read and construed in the light of the allegations of the complaint. This contained a sufficient allegation of respondent's residence. The general rule is that findings speak as of the date of the complaint. 2 Bancroft Code Practices and Remedies, § 1699; *O'Reilly v. Campbell*, 116 U. S. 418; *Williamson v. Strong*, 136 Cal. 20, 68 Pac. 486. Construed by that rule, the finding of residence is sufficient.

■ The court found the fact of cruelty in terms of the statute, and then set forth various ways in which appellant had perpetrated indignities upon respondent which rendered her life burdensome. Under a number of decisions of this court, the finding is sufficient to support the decree. *Spute v. Spute*, 74 Wash. 665, 134 Pac. 175; *Hilleware v. Hilleware*, 92 Wash. 99, 158 Pac. 999; *Kreplin v. Kreplin*, 110 Wash. 135, 188 Pac. 14; *Heiser v. Heiser*, 127 Wash. 186, 220 Pac. 761.

The judgment is affirmed.

BEALS, C. J., MAIN, and STEINERT, JJ., concur.

TOLMAN, J. (dissenting)—While I take no particular exception to the holding that the findings spoke as of

the date the complaint was filed, yet I am of the opinion that the so-called findings as to cruelty, stripped of conclusions of law, are wholly inadequate to establish cruelty, and for that reason I dissent.