FLORA DRAKE BICKLE v. FRANCIS B. J. BICKLE.[1]

April 26, 1935.

No. 30,338.

[1]Reported in 260 N. W. 361.

376

*Bessesen & Bessesen* and *Herman A. Senneka,* for appellant.
*Frank J. Zima,* for respondent.

Julius J. Olson, Justice.

Plaintiff was successful below in her suit for absolute divorce. A great deal of testimony was introduced by and in behalf of both parties. The court made findings upon which judgment was duly entered. The facts found may be summarized thus: On October 20, 1913, the parties were duly married at Minneapolis, plaintiff then being of the age of 30 years, defendant 39 years. There is no issue. The parties reside and have resided at Glenwood some 19 years next prior to the time of trial. Defendant is a long-time employe, locomotive engineer, of the Soo line. Plaintiff has at all times and in all things performed every obligation by her to be kept and performed as defendant's wife. Some years after the marriage the defendant began a studied, uniform, and systematic course of cruel and inhuman treatment of his wife. This consisted of continuous nagging and scolding, also applying to her vile and improper names. He showed her no affection. On many occasions defendant told plaintiff that he wanted to get rid of her, that she was not his wife but merely his hired girl without pay, and on innumerable occasions told plaintiff to get out of his house. He threatened her with physical violence and asserted on many occasions that he would divorce her. On several occasions defendant assaulted her and caused her serious harm. Defendant is stingy and penurious. He begrudged her even the smallest expenditures of money in connection with the maintenance of the home and on many occasions would fly into a rage, violently abusing plaintiff and berating her because she at times incurred small and trifling

items of expense in the necessary maintenance of his household. Defendant's treatment has been of such nature that it became impossible for plaintiff to live with him. Because of such continual ill-treatment she was compelled to leave the home on several occasions. As the years went on the ill-treatment, criticism, faultfinding, and abuse became more and more cruel, inhuman, and violent, in fact so much so as to make it unsafe for plaintiff to continue to live with him.

When the taking of testimony was completed, counsel for the parties and in their presence stipulated as to the amount of alimony, attorney's fees, and expenses that plaintiff was to receive in the event the court found adequate grounds for granting a divorce. In strict conformity with the settlement so reached, the court made findings adopting the same and ordering judgment in conformity therewith. Judgment was entered June 27, 1934.

Shortly after the filing of the court's findings and entry of judgment, two of defendant's then attorneys consented that Messrs. Bessesen & Bessesen of Minneapolis be substituted in their place. On July 11, 1934, a motion, returnable July 23, was made for a new trial upon the minutes of the court. On July 25 the court made an order denying it. Notice of that order was served upon counsel for defendant on July 26. On September 26 attorneys Bessesen & Bessesen prepared and served a notice of motion returnable October 6 asking the court to vacate and set aside the order of July 25 and praying permission to present a new motion for amended findings or for new trial based upon a proposed settled case and certain affidavits setting forth alleged newly discovered evidence. That order too was denied. Notice thereof was served October 16 upon defendant's counsel. In addition to the motion just mentioned, counsel also served a third notice of motion dated September 26 and returnable at the same time as the previously mentioned motion. This was in the alternative to amend the findings or, if such findings were not amended as prayed for, that the court grant a new trial. This motion was supported by several affidavits of alleged newly discovered evidence. That motion was denied by the court October 15. Notice was served upon defendant's counsel

October 16. The present appeal is taken from the judgment and also from the several orders hereinbefore mentioned. It may well be, as claimed by plaintiff, that these orders cannot be reviewed. We have, however, considered the same with the object of satisfying ourselves as to their merit, not because we must or perhaps even should.

Properly enough, the principal efforts in defendant's behalf are directed to the claim that the evidence does not support the findings of the court in that corroboration of plaintiff's testimony is inadequate. The record is voluminous. We have attentively read and considered the entire record, consisting of more than 400 pages, and have come to the conclusion that the evidence amply sustains the trial court. Neither the parties nor the bar can be benefited in any worthwhile way by a *résumé* of the many items of evidence going to sustain plaintiff's claim. The entire record is pregnant with proof, as we read it, that what the trial court found is in conformity with the true facts. Defendant's own conduct, his testimony on the witness stand, letters written by him to his wife before the suit for divorce was begun, his many insinuations of impropriety and infidelity, all of which were found untrue by the trial court, speak forcibly for plaintiff's contentions. As has already been noted, when the testimony was concluded, counsel and the parties agreed upon a property settlement. It is very improbable that a property adjustment involving more than $18,000 would be made if counsel did not believe the evidence justified a decree of divorce. As to what constitutes cruel and inhuman treatment and the nature and extent of proof to sustain such, see 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2778. The cases are there adequately cited and annotated.

Defendant assails the judgment as being an excessive allowance to his wife in view of the circumstances. The record does not sustain him. The value of the various items of property owned by him were largely if not entirely fixed and determined by himself. His own counsel agreed in open court to these values. The whole matter was submitted to and approved by the court. Under these circumstances, it comes with poor grace for defendant now to assert

that he did not consent to this arrangement or that his attorneys did not have authority to speak for him. He was represented by counsel of outstanding capacity and of well-known integrity. His naked affidavit now made in support of his motion for new trial cannot be said to be of any probative worth, certainly not such as to override what had previously taken place. The judge by whom the cause was heard is a man of long experience and possessed of every desirable quality that a judge should have. The record bespeaks the most careful and considerate attention to the difficulties presented. He had the advantage of seeing and hearing the respective parties and their many witnesses. He was peculiarly fitted for the duty here devolving upon the trier of fact.

The motion for new trial on the ground of newly discovered evidence is not persuasive. In view of the fact that difficulty had existed between these parties over a long period of time and as it appears conclusively that defendant had charged plaintiff with improprieties long antedating the bringing of the suit for divorce, it is obvious to us that these affidavits, alleging newly discovered evidence, lack the vitality of diligence and genuineness. Nowhere in this record is there any proof that plaintiff was unchaste or impure. As a matter of fact, in his answer defendant said that he "has never charged and does not charge plaintiff with having adulterous relations with said man or with anyone else." He has had his day in court. Justice has been done. That should end the matter.

Plaintiff has moved for an allowance in this court of her necessary attorney's fees and disbursements. In view of the very liberal allowance in the way of attorney's fees in the court below for services therein rendered, we believe that reasonable compensation here would be $100 as her attorney's fees plus statutory costs and taxable disbursements.

It is therefore considered that the judgment and the several orders here for review be affirmed; that plaintiff have and recover as attorney's fees in this court, in addition to statutory costs and taxable disbursements, the sum of $100.

Judgment affirmed.