No. 36,707

THELMA SPARKS, *Appellee*, v. GARRETT B. SPARKS, *Appellant*.

(178 P. 2d 678)

Opinion filed April 5, 1947.

*Roy L. Rogers*, of Wichita, argued the cause, and *Joe T. Rogers*, of Wichita, was with him on the briefs for the appellant.

*Edward F. Arn*, of Wichita, argued the cause, and *W. E. Holmes, Howard L. Baker, Richard F. Mullins* and *Donald I. Mitchell*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: This appeal is by a defendant husband in a divorce suit from the order of the district court overruling his demurrer to the plaintiff's evidence. The divorce was granted upon the ground of extreme cruelty and the defendant contends that the corroborated evidence introduced by the plaintiff was insufficient to sustain the decree.

Examination of the record reveals that the original journal entry recited that the divorce was granted because of gross neglect of duty on the part of the defendant and was later changed by a *nunc pro tunc* order to read that the plaintiff was entitled to a decree of divorce upon the ground of extreme cruelty. The defendant does not assert the making of the *nunc pro tunc* order as one of his specifications of error. The principal contention of the defendant is that the corroborated evidence which was introduced to prove extreme cruelty consisted only of a showing that the defendant would not speak to his wife for extended periods of time. One corroborating witness testified that she lived at the home of the litigants and that the talking strikes would last possibly a week;

that one strike in December lasted every bit of a month; that by "strike" was meant that Mr. Sparks refused to talk; that when his wife would ask him questions he would not answer them.

Counsel for the defendant contend, in substance, that a man, by merely keeping his mouth shut, cannot thereby be guilty of extreme cruelty. In other words, they agree with Carlyle that "Speech is silvern. Silence is golden." And with Southey that ". . . silence implies the composure of settled distress"; and also with Shakespeare that "Silence is the perfectest herald of joy." On the other hand, counsel for the plaintiff agree with Cicero that "When they hold their tongues they cry out"; and with La Fontaine that "Silent people are dangerous; others are not so"; and also with Sophocles to the effect that "To me so deep a silence portends some dread event; a clamorous sorrow wastes itself in sound."

Fortunately, we are not required to base our opinion upon philology or the philosophy of the bards. The precise question involved has received judicial consideration in the case of *Kreplin v. Kreplin*, 110 Wash. 135, 188 Pac. 14. The headnote in the Pacific reporter reads as follows:

"Cold and studied indifference toward a wife and failure to talk to her or to accompany her anywhere, and the spending of evenings with his friends and companions, was cruel treatment entitling the wife to a divorce."

The opinion in the cited case recites that "During the last six months that the parties lived together the respondent talked to the appellant just as little as he could get along with." And continues: "During the last five or six months his attitude toward her was one of cold and studied indifference, and this was carried to such an extent as to constitute cruel treatment." (p. 15.) The cited case quotes, with approval, from the case of *Spute v. Spute*, 74 Wash. 665, 134 Pac. 175, as follows:

" '. . . It is true that the record discloses no blows nor words that the law accepts as evidence of cruel treatment, but the utter indifference and cold neglect of a spouse may bruise harder than a blow and leave a sting sharper than words.' " (p. 15.)

The granting or the denial of a divorce is ever a serious problem and courts should always cautiously consider whether the evidence justifies the decree. We are not holding in this case that the mere failure of a tired man to talk always to his wife constitutes extreme cruelty. The contrary has been held by the Supreme Court of Michigan in *Bowen v. Bowen*, 179 Mich. 574, 146 N. W. 271, 51 L. R.

A., n. s., 460. In considering what may constitute extreme cruelty, all of the circumstances developed by the evidence should be considered. A court should also consider whether the conduct of the accused party was justifiable or otherwise and whether it caused mental suffering to such an extent as to destroy the peace of mind and happiness of the other spouse. (See *Bracken v. Bracken,* 115 Kan. 494, 223 Pac. 288; *Stegmeir v. Stegmeir,* 158 Kan. 511, 148 P. 2d 755, and cases therein cited at page 518; also, *Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127.)

The present case does not turn solely upon the corroborated evidence of the so-called "speaking strike." There is evidence in the record which corroborated the plaintiff's testimony to the effect that the defendant displayed no affection toward the plaintiff; that he would not accept Christmas and anniversary presents from her, and further, that the defendant called the plaintiff a profane and opprobrious name. The plaintiff's personal testimony developed the acts of cruelty on the part of the defendant to a much greater extent than we have set forth herein. We are of the opinion that there was sufficient corroborating testimony introduced to justify the trial court's granting the plaintiff a divorce.

The judgment of the district court is affirmed.