ELLEN A. HRDLICKA v. JAMES W. HRDLICKA.[1]

May 6, 1927.

No. 25,565.

**Judgment for separation of husband and wife sustained.**
1. Upon the facts stated in the opinion the evidence is sufficient to support a judgment for separation.

**Award of use of homestead and support money proper.**
2. The award, incident to such separation, to the wife for herself and children was authorized and proper.

**Finding as to value of homestead sustained.**
3. The finding as to the value of the homestead was sustained by the evidence.

Divorce, 19 C. J. p. 53 n. 98; p. 142 n. 52; p. 264 n. 49; p. 267 n. 82; p. 357 n. 34.

Action for divorce in the district court for Olmsted county. The case was tried before Callaghan, J., who made findings and ordered judgment for a limited separation in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*Fraser & Fraser,* for appellant.

*O. E. Hammer* and *John L. Brin,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment for separation for a period of five years.

The parties have seven living children, one having lost his life in the World War. Defendant is a steady-working railroad section foreman earning $115 per month, and by frugal habits has been able to acquire a good home worth in excess of $4,500.

The son who died in service was insured for $10,000, in favor of the mother, payable at the rate of $57.50 per month. Defendant

[1]Reported in 213 N. W. 919.

sought to have this money turned over to him and, failing, ceased buying supplies for the home and notified the merchants through the newspaper not to extend the plaintiff credit on his account. He insisted on plaintiff's spending the $57.50 for the support of the family, also on her keeping an itemized account and would not buy or pay for anything until that was exhausted. This continued from 1919 to June, 1923.

In 1913 defendant choked plaintiff and in 1919 he struck her. On one occasion in the presence of plaintiff he attempted to strike one of the children with a chair which missed him and hit the sideboard knocking a round out of the chair. He has at times driven the children from the home. He frequently shook his fist in plaintiff's face and threatened violence.

For more than 12 years there has been constant quarreling. Defendant continually swore at plaintiff calling her vile and obscene names and frequently has applied epithets to her involving an accusation of infidelity. His attitude toward the family provoked frequent trouble. He was stubborn and often extremely disagreeable. He alligned himself against the wife and all the children, whose testimony supported the plaintiff's claims.

About June 1, 1923, defendant returned home and demanded to know why the meal was not ready and was told by plaintiff that there was nothing in the house with which to prepare a meal. He swore at plaintiff, left the house and has never returned to live with the family. Since then he has not provided for the plaintiff or the home, except a suit of clothes for two of the boys.

1. Defendant challenges the sufficiency of the evidence to support the granting of a separation. But we think the evidence is quite sufficient. Such relief does not depend upon actual personal violence. Here we have violence, not recent, followed by unkind language, inconsiderate conduct, unreasonable demands, groundless accusations of infidelity, bringing about an atmosphere subversive of the relationship of husband and wife rendering it impossible for the parties to discharge the duties of married life, and further continuance of such relationship has been rendered intolerable. While the evi-

dence does not directly prove impairment of health, we may infer that such conduct was not beneficial. For six months after leaving the home defendant did little to provide for the family. This long course of unkind words, swearing, vulgar accusations, disagreeable and penny-exacting conduct sears and scars, provokes bitterness, breeds rebellion, creates agony of mind and tends just as effectively as personal violence to produce unbearable domestic misery. Williams v. Williams, 101 Minn. 400, 112 N. W. 528; Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L. R. A. (N. S.) 1100; Martinson v. Martinson, 116 Minn. 128, 133 N. W. 460; Hertz v. Hertz, 126 Minn. 65, 147 N. W. 825; Fitzpatrick v. Fitzpatrick, 127 Minn. 96, 148 N. W. 1074.

2. The trial court gave plaintiff the use of the home during the period of separation and required defendant to contribute $25 per month, which, with the $57.50 gave her an income of $82.50. A 17-year old daughter and two sons, 14 and 7 years, respectively, live at home. The family is best served by this provision. It would be difficult to find a fairer or better way to meet the necessities of all concerned. The claim is made that the court did not have power to give all defendant's property to plaintiff. The court gave her only the use of the home for the limited period to assist her in providing a home for the children. Consequently it did not exceed its authority. G. S. 1923, § 8613. Such an order is always subject to modification by the court if subsequent conditions so require.

3. It is argued that the court's finding that the value of the homestead was $4,500 shows prejudice. We think not. The complaint alleged this value at $4,500. Perhaps the answer intended to allege this value with the furniture to be $10,000. Counsel urges that the value was $10,000. But defendant testified : "Q. You think it would be $10,000 at the present time? A. No, sir. Q. Well, what do you think that property would sell for? A. Well, that property would be worth about $6,000 right now, and I wouldn't sell it."

The solution worked out by the learned trial court is as satisfactory as the law and facts permit.

Affirmed.