## FLOYD E. ELLER v. ELLA D. ELLER.[1]

December 19, 1930.

No. 28,201.

*Erick S. Dahlberg,* for appellant.
*Wright, Lyons & Wright,* for respondent.

[1]Reported in 233 N. W. 823.

DIBELL, J.

In his supplemental complaint the plaintiff alleged cruel and inhuman treatment and asked a divorce. In her cross-complaint the defendant alleged cruel and inhuman treatment and asked a divorce. The court found for the plaintiff and against the defendant. Afterwards the defendant moved for a new trial upon the ground of the insufficiency of the evidence to sustain findings for the plaintiff upon the ground that the evidence required findings in her favor; and upon the ground of newly discovered evidence in her favor. Her motion was denied. She appeals from the order denying her motion for a new trial.

■ The plaintiff and the defendant were married at Camp Cody, near Deming, New Mexico, on June 13, 1918. He was an officer in the United States army, and she was a Red Cross nurse in government service. Soon after their marriage the defendant suffered a nervous breakdown and was discharged from government service and later classified as permanently disabled. Taking as true her physicians' testimony, she is in a hysterical condition with nervous exhaustion. Though exhausted, her mental condition is not abnormal, and she is responsible.

The parties lived together until sometime in 1929. The plaintiff is now a teacher in the public schools. The trial court found that at various times between August, 1929, and February 6, 1930, the defendant pursued a course of conduct toward the plaintiff which constituted cruel and inhuman treatment, such as keeping him from his children and denying him their society and concealing from him their whereabouts; causing statements not warranted by the facts and seriously reflecting upon his character to be made to their mutual friends and acquaintances; seeking to injure his financial credit; and endeavoring to injure his standing with the superintendent of schools under whom he was employed as a teacher. The defendant accused her husband of wrongdoing with a young woman of unimpeached character and good standing, and as the court finds without a scintilla of evidence and with grievous injustice to her and with consequent wrong to the plaintiff. There is between the husband and wife intense hatred.

The evidence sustains the findings. A divorce is justified on the ground of cruel and inhuman treatment within the principle of cases like Williams v. Williams, 101 Minn. 400, 112 N. W. 528, though there was no physical ill treatment or cruelty or abuse. And see Barnes v. Barnes, 95 Cal. 171, 30 P. 298, 16 L. R. A. 660; Mathews v. Mathews (Iowa) 182 N. W. 390; Carpenter v. Carpenter, 30 Kan. 712, 2 P. 122, 46 Am. R. 108; Bristol v. Bristol, 107 Neb. 321, 185 N. W. 972; Thompson v. Thompson, 32 N. D. 530, 156 N. W. 492; Keezer, Marriage & Divorce (2 ed.) § 283; 19 C. J. p. 49, § 88; 9 R. C. L. p. 341, § 122; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2778. The facts are unusual, and the case is a peculiar and pitiful one. We feel that it has been dealt with wisely by the careful judgment of the trial court, closely in touch with the parties, and that there should be no interference by this court.

■ The defendant cannot justly complain that the divorce was not granted upon her cross-bill. The evidence does not require a finding that the plaintiff was guilty of cruel and inhuman treatment, and that is all we need say of it.

■ There was no error in refusing a new trial upon the ground of newly discovered evidence. That proposed to be introduced referred to the plaintiff's conduct when the defendant was away and he was keeping the home. It is only fanciful, within the view of the trial court, and we are in accord.

Order affirmed.