# MARIE BLASKA BURKE v. EDMUND LAWRENCE BURKE.[1]

June 7, 1940.

No. 32,321.

[1]Reported in 292 N. W. 426.

*Irving H. Green* and *Josiah E. Brill,* for appellant.
*Stiles & Stiles,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff's suit for divorce resulted in findings favorable to her contention. Dissatisfied with the amount of awarded alimony and the fees allowed by the court for her attorneys, she appeals from the judgment.

The record discloses a stormy and unhappy marriage experience. The parties were first married in February, 1929. Their only child, a girl, born July 20, 1929, died December 1, 1937. That marriage resulted in a divorce at the suit of the wife in March, 1935. In the present suit she claimed that in October, that year, the parties entered into a common-law marriage. Defendant's answer put this in issue, which upon submission to a jury upon a special interrogatory was resolved for plaintiff. The court adopted the verdict in its findings. On the subject of divorce defendant was found guilty of cruel and inhuman treatment. Judgment for an absolute divorce with provision for alimony, costs, and attorneys' fees was directed.

Defendant is ten years older than plaintiff. At time of trial he was 40 years of age, she 30. His property, beyond his debts, amounts to $21,000. During the three years next preceding the present trial his net annual income was approximately $10,000. He is strong, active, and able-bodied. His principal income is earned as a manufacturer's agent. Plaintiff, on the other hand, so the court found, because of defendant's misbehavior, has become "nervous, weak, and sick; she has lost considerable weight; and it may be six months or a year before she will be sufficiently recovered to do any work."

At time of trial she had $300 cash in bank, was possessed of the household furniture of the parties which the defendant had turned over to her, valued at $1,000, and owned a Lincoln-Zephyr automobile, valued at $1,200, also given her by defendant.

In addition, during the fall of 1938, defendant gave her $1,000 in cash. Defendant claims that these gifts or payments in money and property were made pursuant to representations of plaintiff in each instance that she would depart and never live with him again, and that he made these money payments and property gifts with that understanding and in reliance thereon.

By virtue of the findings and judgment, plaintiff was awarded alimony, in addition to the money and property turned over to her by defendant, in the amount of $3,800 payable in 30 monthly instalments of $150 on July 1, 1939, the same amount on August 1, and thereafter at the rate of $125 per month. She also was allowed her attorneys' fees fixed by the court at $1,200, also $100 for suit costs, plus statutory costs and disbursements, taxed and allowed at $110.58.

The issues here presented relate to the claimed inadequacy of attorneys' fees and alimony.

■ A careful perusal of the record leads to the view that the allowance of attorneys' fees in the amount mentioned cannot be said to be inadequate. While the trial consumed some eight days and was sharply contested, we cannot say, as a matter of law, that the court failed in its exercise of sound discretion.

"The allowance of attorney's fees and other expenses of litigation is largely a matter of discretion with the trial court. It is the established policy of the supreme court to be conservative in the matter of such allowances. They are to be allowed cautiously and only when necessary." 2 Dunnell, Minn. Dig. (2 ed.) § 2804; Spratt v. Spratt, 151 Minn. 458, 466, 185 N. W. 509, 187 N. W. 227.

■ Respecting the alimony to be awarded in any case, plaintiff's rights and remedies are governed by statute, and this is true respecting the entire subject matter relating to divorce. Under 2 Mason Minn. St. 1927, § 8602, it is provided that the court "may further order and decree" to the wife "such part of the personal and real estate of the husband, not exceeding in value one-third thereof, as it deems just and reasonable,

having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." Clearly, then, the issue was one for the trial court to determine within its sound discretion.

The record discloses, and the court found, that defendant had, "in the matter of the support of plaintiff, * * * been fair and generous" during the times they lived together. He established a home "upon a high standard of expenditure; he took the plaintiff on a long trip to the east and was liberal in his expenditures to make the trip pleasant and agreeable. On another occasion when her health was poor defendant sent her to Florida, where she spent approximately one month's time at a substantial cost to defendant; and on another occasion he took the plaintiff to Mexico for a pleasure trip at a substantial expense." She was allowed a bank account in which he usually deposited between $300 and $400 per month, most of which plaintiff used as she wished, this with defendant's knowledge and permission.

Plaintiff insists that she should have been awarded one-third of the value of the property owned by defendant at the time of trial and that, in addition, she should receive a substantially greater amount in the way of monthly alimony; also that there should be no limit placed in respect to the time such monthly alimony payments should continue.

We are not prepared to say that the monthly allowance is so inadequate as to indicate lack of exercise of sound judicial discretion. Defendant has been put to a great deal of expense. His property accumulations in view of the substantial income he has earned over a period of three years next preceding the present divorce are not large. Evidently they so lived and spent as to leave but a small amount for the proverbial "rainy day." What the future may have in store no one knows. Many things may happen. Obviously, too, plaintiff is not destitute. The court may well have thought that by this allowance she could and would get along in comfortable fashion and that frills might well be curtailed or eliminated. Moreover, under our statute

(§ 8603) such matters can be readjusted by the court from time to time as conditions change on the petition of either party. In such event the court may "revise and alter such order or decree respecting the amount of such alimony or allowance, and the payment thereof," as it "might have made in the original action." The subject is well covered in 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 2805, and cases cited in the notes. "The power of the court under our statute, G. S. 1913, § 7129 [now § 8603], to revise or alter a decree for alimony is very broad." Hartigan v. Hartigan, 145 Minn. 27, 29, 176 N. W. 180, 181.

In view of the situation here appearing we think the award of alimony should be so amended as to provide for monthly payments of $125 until the further order of the court, thereby doing away with the 30 months' limitation.

Plaintiff heretofore has been awarded $650 as expense money to procure transcript and pay for the necessary printing in the presentation of her case here. There is much needless printing in the record that could easily have been avoided in view of the narrow issues properly here. In view of this situation, no statutory costs or disbursements will be allowed here.

As to her attorneys' fees for services rendered here, we think $250 is ample compensation. In this amount only will judgment be entered here.

The judgment below is accordingly modified as stated, and, as so modified, affirmed.