# JAY E. LOUDEN v. HARRIET E. LOUDEN.[1]

March 15, 1946.

No. 34,164.

[1]Reported in 22 N. W. (2d) 164.

*Elmer R. Peterson* and *Plunkett & Plunkett,* for appellant.
*Luther M. Bang,* for respondent.

MATSON, JUSTICE.

Defendant appeals from an order denying her motion for a new trial, and assigns as errors (1) the erroneous admission of certain evidence, (2) that the evidence does not justify a finding of cruel and inhuman treatment as a ground for awarding plaintiff a divorce, and (3) that the court's award of alimony is inadequate and not justified by the circumstances of the parties.

■ No consideration will be given to the assignment of alleged error in the admission of evidence. An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection. Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312, and cases therein cited; 1 Dunnell, Dig. & Supp. § 366.

■ The trial court's findings that the defendant has been guilty of cruel and inhuman treatment constituting a ground for divorce are reasonably sustained by the evidence as a whole. There was substantial evidence to support findings that defendant, in sudden bursts of anger and without justification, on various occasions struck plaintiff in the face with her hand or fist and scratched him until he bled, and that she also threw at him any object that hap-

pened to be in her hand. In addition to these physical attacks, she subjected plaintiff to severe verbal abuse and castigation and applied to him and his family vile names and humiliating epithets. She charged him with sexual immorality and accused him of being a bootlegger and a thief. Without any justification whatever, she told others of her suspicions that plaintiff was a kleptomaniac. Even on the witness stand, defendant asserted that plaintiff was a thief but absolutely failed to substantiate her charge with any evidence. In the presence of others she displayed her lack of love and respect for plaintiff by declaring that she did not care if he ever returned to his home. In other ways, she humiliated plaintiff, caused him grief, and sought to undermine his standing in the community. The fact that she cloaked these acts of misconduct and cruelty under a veil of righteousness does not change their essential nature or render them less vindictive. No purpose will be served by a detailed review of the evidence. As a court of review, we are mindful of the fact that the trial court had the opportunity to hear the witnesses and to observe their demeanor and reactions on the witness stand. We cannot say that its findings are manifestly and palpably contrary to the evidence as a whole. They must be sustained.

■ The evidence indicates both physical and mental cruelty. Defendant's conduct clearly made it impossible for the parties to discharge the duties of married life and to attain its objects. Her conduct was so inimical to the health or the personal welfare of plaintiff as to render a continuance of the marriage relation intolerable.[2]

■ Defendant contends that plaintiff's testimony lacks corroboration as required by Minn. St. 1941, § 518.28 (Mason St. 1927, § 9905), which reads:

---

[2]Crowley v. Crowley, 219 Minn. 341, 349, 18 N. W. (2d) 40, 44; Williams v. Williams, 101 Minn. 400, 112 N. W. 528; O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438; Tschida v. Tschida, 170 Minn. 235, 212 N. W. 193; Eller v. Eller, 182 Minn. 133, 233 N. W. 823; Locksted v. Locksted, 208 Minn. 551, 295 N. W. 402; see, 16 Minn. L. Rev. 256, for summary of Minnesota cases; 2 Dunnell, Dig. & Supp. § 2778.

"Divorces shall not be granted on the sole confessions, admissions, or testimony of the parties, either in or out of court."

In the instant case, ample corroboration was supplied by disinterested witnesses. The corroborating evidence required in a divorce action need not confirm each item of plaintiff's testimony, but is sufficient if it tends, in a degree sufficient to satisfy an impartial and reasonable mind, to establish as a whole the truth of plaintiff's material testimony. Since the fundamental purpose is to prevent collusion, the rule is justifiably to be applied with greater liberality where the action is fervently contested, as in the instant case.[3]

■ Plaintiff was ordered to pay defendant as permanent alimony the sum of $50 per month from January 1, 1945, until January 1, 1947; and $35 monthly thereafter for the next three years or until January 1, 1950, when the future monthly payments are to be reduced to $30 each. Although the parties had been married 24 years, they possessed no savings and no property except certain household goods and furnishings, which were awarded to defendant. Plaintiff and defendant, at the time of the trial, were 53 and 60 years of age respectively. Plaintiff's gross monthly earnings amounted to $175, or $158 net after making certain tax and insurance reductions. The trial court found defendant's present state of health not to be good and that her earning power was therefore limited. In awarding alimony, the court expressly took into consideration defendant's age, health, length of marriage, and plaintiff's reasonable ability to pay.

Minn. St. 1941, § 518.22 (Mason St. 1927, § 8602), authorizing the court to decree to the wife such alimony "as it deems just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case," involves a clear grant of discretionary power or authority. Webber v. Webber, 157 Minn. 422, 196 N. W. 646, and cases therein

---

[3]Gerard v. Gerard, 216 Minn. 543, 13 N. W. (2d) 606; Locksted v. Locksted, 208 Minn. 551, 295 N. W. 402; Graml v. Graml, 184 Minn. 324, 238 N. W. 683; 2 Dunnell, Dig. & Supp. § 2795; 65 A. L. R. 168.

cited; Gerard v. Gerard, 216 Minn. 543, 13 N. W. (2d) 606. "Awarding alimony and fixing the amount thereof are both questions, the determination of which rests within the sound discretion of the trial court." Webber v. Webber, 157 Minn. 425, 196 N. W. 647, *supra.* In the instant case, the trial court did not abuse this wide discretionary power. It gave consideration to all the statutory factors. It was proper to consider that defendant was at fault. Gerard v. Gerard, *supra.* Unlike the situation in Burke v. Burke, 208 Minn. 1, 292 N. W. 426, we do not here have an arbitrary time limitation, but, instead, a sliding scale whereby the alimony is to be reduced over a period of years from $50 to $30. No doubt the trial court, in adopting this sliding scale, had particularly in mind defendant's present state of health and the desirability of giving her a reasonable opportunity to adjust herself gradually to the change in circumstances. Although she is rapidly approaching the time when she can have little, if any, earning power, it is also true that plaintiff will in the meantime have approached an age when he may be compelled to retire. Considering defendant's age and the facts disclosed by the record, it would seem that it would have been a better plan to award alimony in a certain fixed sum until further order of the court; but, in view of the fact that the trial court retains jurisdiction at all times to revise and alter the decree with respect to the amount of alimony to be paid, we cannot find that there has been an abuse of discretion. The power of the court to revise a decree for alimony is very broad and gives the defendant ample protection if her future needs, in the light of all the circumstances of the case, justify a revision. Burke v. Burke, 208 Minn. 1, 5, 292 N. W. 426, 428; Hartigan v. Hartigan, 145 Minn. 27, 29, 176 N. W. 180, 181; 2 Dunnell, Dig. & Supp. § 2805.

Defendant has moved the court for an allowance of attorney's fees in connection with this appeal. The fee requested is reasonable. We are, however, confronted with the necessity of adjusting any allowance to be made to the limited earning capacity of plaintiff, with due regard to the award of attorney's fees already made in the court below and the fixed financial burdens imposed upon plain-

tiff for the future. Defendant is allowed $150 as attorney's fees on her appeal.

Affirmed.