MARJORIE DOREEN WILSON v. QUIN QUEDO WILSON.[1]

June 24, 1949.

No. 34,908.

---

*Hall, Smith, Enkel & Hedlund,* for appellant.
*Brill, Grossman & Brill,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from an order of the district court denying defendant's motion for a new trial. Plaintiff brought action for an absolute divorce from defendant on the grounds of cruel and inhuman treatment.

The parties were married in Pine City, Minnesota, on February 26, 1942. There are no children. For about one year the couple resided on a farm owned by defendant's family in Pine county. They then moved to Seattle, Washington, and after about two years returned to Minnesota to take up residence in Minneapolis. Because of defendant's conduct, plaintiff had left him twice prior to this action, once while the parties were living in Pine county and once after they moved to Seattle.

Plaintiff testified, among other things, that defendant was rude to her; that he would not talk to her; that he would not take her to places of entertainment; that he continually found fault with her; that his personal habits were dirty; that he drank; that he habitually lied to her; that he had a vicious temper and swore at her and called her indecent names; that he would often shake his fist under her nose in anger; and that such conduct led her to believe that it would no longer be safe for her to live with defendant. Defendant denied all this. The testimony of witness Elaine Berger tended to corroborate plaintiff to the effect that defendant used profane language to his wife, found fault, made plaintiff cry, tormented

her, and showed no love or affection for her. Amanda Swenson testified that plaintiff was in bad health, was nervous when she returned to Minneapolis from Seattle, and had improved in health after she left defendant.

This action was heard in May 1948. The trial court found that defendant was guilty of cruel and inhuman treatment of plaintiff and concluded that plaintiff be granted a divorce without alimony or suit money. Plaintiff was awarded such of the parties' household and kitchen furniture as she desired and $75 attorneys' fees.

The principal question for consideration on this appeal is whether the finding that defendant was guilty of cruel and inhuman treatment is sustained by the evidence.

■ Findings of fact based on conflicting evidence will not be disturbed on appeal unless manifestly against the clear preponderance of the evidence. Ellingson v. Ellingson, 227 Minn. 149, 34 N. W. (2d) 356; Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312. This rule is especially applicable to the appeal in a divorce case, since the trial court has had the opportunity to observe the parties and the witnesses and to appraise their testimony, credibility, general character, and disposition. Ellingson v. Ellingson, *supra;* Louden v. Louden, 221 Minn. 338, 22 N. W. (2d) 164; Mullen v. Mullen, 135 Minn. 179, 160 N. W. 494; Martinson v. Martinson, 116 Minn. 128, 133 N. W. 460.

The grounds for divorce which the legislature has established for cruel and inhuman treatment are something more than mere incompatibility. Cf. Kasal v. Kasal, 227 Minn. 529, 35 N. W. (2d) 745. This court has recognized that there are generally two types of conduct which constitute cruel and inhuman treatment. The first is actual or threatened physical violence, and the second is a course of conduct which has been defined as (Williams v. Williams, 101 Minn. 400, 404, 112 N. W. 528, 530):

"* * * other equivalent and serious misconduct which, unjustified in fact, is so plainly subversive of the relationship of husband and wife as to make it impossible that the duties of married life

should be discharged, or its objects attained, and to be so hopelessly inimical to the health or the personal welfare of the injured party as to render continuance of the relationship intolerable."[2]

There is no static scale upon which we can measure mental suffering. See, Williams v. Williams, *supra*.

Each case must turn on its own facts, but certain tests have been used by this court in cases of cruel and inhuman treatment which are a guide to decision of the case at bar.[3] While the facts of the present case in some respects approach mere incompatibility, the record shows that defendant had on occasion falsely accused plaintiff of infidelity, that he drank, and that he had a violent temper.

---

[2]Cases subsequent to the Williams decision have granted divorce for cruel and inhuman treatment under factual situations similar to those in the case at bar: Bickle v. Bickle, 194 Minn. 375, 260 N. W. 361 (ill treatment, scolding, and faultfinding, with petty acts of malicious nature); O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438 (petty differences, ill will, harmful conduct). Cf. Crowley v. Crowley, 219 Minn. 341, 18 N. W. (2d) 40 (threats to personal welfare and evidence of desertion); Locksted v. Locksted, 208 Minn. 551, 295 N. W. 402 (striking plaintiff, grasping by the throat); Eller v. Eller, 182 Minn. 133, 233 N. W. 823 (keeping children from plaintiff, uncomplimentary statements as to character, false accusations of infidelity); Tschida v. Tschida, 170 Minn. 235, 212 N. W. 193 (carrying on with opposite sex).

[3]In Mullen v. Mullen, 135 Minn. 179, 182, 160 N. W. 494, 495, this court, quoting the memorandum of the district court, said:

"* * * the constant and habitual course of treatment by the defendant of his wife, consisting of neglect, and in many instances amounting to contemptuous treatment, carping criticism, habitually applied to her, taking this accumulation of the years it seems to me amounts to one of the most insidious forms of cruelty, when applied to a sensitive woman."

In Thompson v. Thompson, 227 Minn. 256, 258, 35 N. W. (2d) 289, 290, the court said:

"Unjustifiable conduct on the part of either husband or wife which so grievously wounds the mental feelings of the other or so utterly destroys the peace of mind of the other as to seriously impair the bodily health or endanger the life of the other or utterly destroys the legitimate ends and objects of matrimony constitutes cruel and inhuman treatment under M. S. A. 518.06(3), although no physical or personal violence may be inflicted or even threatened."

At least once he had put his hands on plaintiff, forcing her into a corner and "squeezing his fingers on her." He would shake his fists in her face to see how close he could come without hitting her. More than once she was reduced to tears.

Plaintiff has not been in the best of health. Her testimony may not show that this treatment directly impaired her health at the outset, but defendant's conduct impeded her recuperation. The record establishes that after plaintiff separated from defendant she gained weight and that her health generally improved. Impairment of health is one of the factors which the court properly could consider in granting a separation. See, Hrdlicka v. Hrdlicka, 171 Minn. 213, 215, 213 N. W. 919, 920.

Although the evidence is conflicting, it is sufficient to sustain the findings of the trial court. The course of conduct which defendant followed falls within our prior cases defining cruel and inhuman treatment.

■ Defendant contends that the evidence is insufficient to sustain the trial court's finding because there is a lack of corroboration of plaintiff's testimony. M. S. A. 518.28. Under that statute, it is sufficient that other testimony be introduced to lead an impartial and reasonable mind to believe that plaintiff's testimony as a whole is true. The purpose of the statutory provision is to circumvent collusive divorce suits. Relaxation of the rule is justified when the divorce suit is actively contested. Louden v. Louden, 221 Minn. 338, 22 N. W. (2d) 164; Locksted v. Locksted, 208 Minn. 551, 295 N. W. 402. Cf. Visneski v. Visneski, 219 Minn. 217, 17 N. W. (2d) 313; Gerard v. Gerard, 216 Minn. 543, 13 N. W. (2d) 606; Graml v. Graml, 184 Minn. 324, 238 N. W. 683. Under the facts and circumstances of this case, plaintiff's testimony was sufficiently corroborated to satisfy the statute.

■ M. S. A. 518.14 provides that "the court, in its discretion, may require the husband to pay any sum necessary to enable the wife to carry on or defend" a divorce action. This court has held that it may allow suitable attorneys' fees and necessary disbursements to the wife in connection with an appeal. 2 Dunnell, Dig. & Supp.

§ 2804, and cases under note 59. We hold that plaintiff is entitled, in addition to the $75 allowed her by the trial court, to her costs and disbursements here, together with $250 attorneys' fees for services rendered in this appeal on her behalf.

Order affirmed.

