# JAMES L. KRUSEMARK v. MARGUERITE E. KRUSEMARK.[1]

January 19, 1951.

No. 35,222.

---

[1]Reported in 46 N. W. (2d) 647.

*L. W. Crawhall,* for appellant.
*Hoffmann, Donahue, Graff & Meier,* for respondent.

KNUTSON, JUSTICE.

Plaintiff and defendant were married June 20, 1936. Plaintiff commenced this suit for divorce on April 11, 1949, alleging, among other things, that there was no issue of the marriage. On September 8, 1949, a baby girl was born. Defendant interposed a counter suit, also asking for a divorce. By stipulation of the parties, defendant was permitted to prove up her counter suit as if by default, only the issue of alimony and support for the minor child being litigated. The court granted defendant a divorce, awarded custody of the child to her, and ordered plaintiff to pay $40 per month alimony, of which $10 was to be applied on lying-in expenses until the sum of $325 was paid, after which the alimony was reduced to $30 per month, and in addition thereto ordered payment of $100 per month for support of the child. Judgment was entered, and plaintiff appealed therefrom.

The facts are not seriously in dispute. Plaintiff is an attorney at law, aged 47 years. Prior to 1942 he practiced his profession with moderate success. In 1942 he entered the army as a first lieutenant. He went overseas in 1943 and saw extensive service in the African and European campaigns. While in service he suffered a serious and severe nervous breakdown. Upon returning to the United States, he spent much of the time from 1944 to 1947 in various army hospitals. He was discharged in 1947 as a lieutenant colonel. Since that time, he has tried to reëstablish himself in his profession, but his mental and physical condition is such that he is unable to practice law. The doctors who testified in his behalf agreed that he cannot now practice law. His income is practically nonexistent.

Plaintiff is the owner of a half interest in two farms in Martin county as tenant in common with his sister. These farms were inherited from his father. They are both encumbered by mortgages. The net value of plaintiff's interest above encumbrances is estimated to be $18,711.44. The net income from the two farms is about $2,000 per annum, of which one-half belongs to plaintiff.

Plaintiff is insured under eight policies of life insurance. The face amount payable upon his death under all policies is $23,000. The cash value of all policies at the time of the trial was $6,982. His sister is named as principal beneficiary in $17,500 of such insurance, and his wife in $5,500 thereof. The wife is named as contingent beneficiary in the policies payable to the sister in the event the sister is not living when plaintiff dies.

In addition to the foregoing assets, plaintiff had about $800 in cash and United States savings bonds having a maturity value of $350.

Defendant is a qualified teacher. She owns a half interest in two residential properties having a total value of about $15,500, subject to the life estate of her 80-year-old mother. She is on leave of absence from teaching because of the birth of the child mentioned above and will not be able to teach until 1951.

The only question raised by this appeal is whether the trial court abused its discretion in awarding alimony and support money in the amounts mentioned above.

Fixing the amount to be awarded as alimony within the limits defined by statute, as well as the amount to be paid as support for minor children, rests largely in the discretion of the trial court. Ordinarily, we will not disturb such award unless there is a clear abuse of discretion. Webber v. Webber, 157 Minn. 422, 196 N. W. 646; Baker v. Baker, 224 Minn. 117, 28 N. W. (2d) 164; Burke v. Burke, 208 Minn. 1, 292 N. W. 426.

In exercising its discretion in fixing the amount of alimony and support, regard must be had by the court for the financial status of the parties, the ability of the party to pay, as well as the future

welfare of all parties concerned. In the Webber case, we had this to say regarding the exercise of discretion (157 Minn. 427, 196 N. W. 648):

"* * * We cannot interfere with this award, unless there has been an abuse of discretion which means a discretion exercised to an end or purpose not justified by and clearly against reason and evidence; a clearly erroneous conclusion and judgment—one that is clearly against the logic and effect of such facts as are presented in support of the application, or against the reasonable and probable deductions to be drawn from the facts disclosed. 1 C. J. 372."

In fixing the amount of alimony to be paid, the court may consider the property owned by the husband, as well as his income. Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542, 6 A. L. R. (2d) 176; McKey v. McKey, 228 Minn. 28, 36 N. W. (2d) 17.

There can be no claim here that the alimony awarded exceeded the statutory limit, except that where monthly installments of alimony are to be paid out of property they should be so limited in time as not to exceed a one-third share of the husband's estate. McKey v. McKey, *supra*. On the present showing of plaintiff's earnings, it is probable that resort must be had to his property to pay the alimony awarded, but, as in the McKey case, that error is not now before us. Under the circumstances, we must hold that there has been no abuse of discretion insofar as the award of alimony is concerned. We are more particularly concerned with the amount awarded as support for the minor child. The court found, among other things:

"That at the time of the hearing and for some time prior thereto, Plaintiff had not been working or practicing his usual occupation as an attorney regularly, and had no regular income, and due to his physical condition was probably unable to work steadily, but that when working he should be able to earn at least $200 per month."

There is no evidence to sustain a finding that plaintiff should be able to earn at least $200 if he were working.

The evidence is conclusive that at the present time plaintiff is unable to earn much, if anything. While it is proper to consider the past earnings of the husband to determine what his present earnings are, we cannot assume that prior earnings in this case are determinative of present earning capacity in view of plaintiff's present mental and physical condition. If he is to pay the amounts awarded as alimony and support, it will have to be done by further encumbering the property he owns or disposing of it. The premiums on his life insurance are paid by resort to the cash reserves, and if that continues indefinitely it is possible that the cash value of the insurance will be exhausted entirely. The farms are now encumbered, and cash could be realized out of these assets only by further encumbering them or by disposing of them. The child is now of tender years, and its requirements are not as much as they will be later. In view of all the circumstances, we believe that the award for support of the child is excessive and that it should be reduced so that the property which plaintiff owns may be conserved for future use at a time when the requirements for support of the child will be greater. Provision for support of the child may be revised, altered, and amended from time to time as conditions change. Fruen v. Fruen, 228 Minn. 391, 37 N. W. (2d) 417. We are of the opinion that in view of the limited earning capacity of plaintiff at this time the judgment should be modified so as to award to defendant the sum of $50 per month for support of the child and, except as so modified, that it should be affirmed.

In view of the limited capacity of plaintiff to pay, defendant is allowed $100 as attorneys' fees on this appeal.

So ordered.

Mr. Justice Thomas Gallagher took no part in the consideration or decision of this case.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On March 9, 1951, the following opinion was filed:

PER CURIAM.

Both parties have attempted to tax costs and disbursements. The clerk taxed costs for plaintiff and refused to tax costs and disbursements for defendant, except to the extent of attorneys' fees allowed in our decision filed January 19, 1951. Defendant has appealed from the taxation in favor of plaintiff.

Plaintiff, having obtained a modification of the order below, is the prevailing party. Henry v. Meighen, 46 Minn. 548, 49 N. W. 323, 646. M. S. A. 607.01 authorizes this court, in its discretion, to allow costs, not exceeding $25, to the prevailing party and allows the prevailing party disbursements necessarily paid or incurred as a matter of right. We have no discretion "in the allowance, disallowance, or apportionment of necessary disbursements." Collins v. Collins, 221 Minn. 343, 348, 22 N. W. (2d) 168, 23 N. W. (2d) 9, 10. No issue has been raised on this appeal as to whether plaintiff's disbursements, as taxed, were necessary to the presentation of the appeal. The sole issue raised relates to who was the prevailing party.

In view of the moderate amount which we allowed defendant as attorneys' fees, it is only fair that statutory costs be disallowed to plaintiff, and it is so ordered. With the exception of the item of $25 statutory costs, which we now disallow, the clerk's taxation is affirmed.