KATHLEEN WARD (Z. L. BEGIN, PETITIONER)
v. HARRY H. WARD.

114 N. W. (2d) 273.

March 30, 1962—No. 38,323.

*Z. L. Begin,* pro se, for appellant.
*Baker & Carlson,* for respondent.

PER CURIAM.

This is an appeal from an order of the district court in a divorce action requiring the defendant husband to pay, to the attorney for the plaintiff wife, additional attorney's fees in the sum of $1,000, the sum of $200 having been theretofore paid. The attorney contends that the allowance is inadequate and that he should have been awarded the sum of $3,764.75, including costs.

From the record it appears that Kathleen and Harry H. Ward were married in Minnesota in 1948. They moved to Texas, where the defendant was employed as a geologist for the Standard Oil Company. Two children were born to them there. In 1953 they moved to Ardmore, Oklahoma. It appears that marital difficulty developed primarily because of a difference between them as to the religious education of the children. On June 9, 1957, Mrs. Ward left her husband, took the children with her, and returned to Minnesota. Shortly thereafter she retained Z. L. Begin of Marshall, Minnesota, as attorney to represent her in a divorce action and to prevent her husband from securing custody of the children. A divorce action was started in Minnesota on June 20, 1958. However, the husband had in the meantime started a divorce action against his wife in Oklahoma. A decree of divorce was entered by the Oklahoma court on October 17, 1958. By this decree the husband was required to pay $150 each month for the support of the children. The wife was given custody of the children 11 months of each year. No alimony was granted. The wife was represented by local counsel in the Oklahoma action, and the decree provided for payment of his attorney's fee.

We do not understand that Mr. Begin claims that he is entitled to pay for work in connection with the Oklahoma proceedings nor would the record support such a claim. In the Minnesota proceedings Mr. Begin filed a summons and complaint which was served upon the husband; he opposed a motion made by the husband's Minnesota lawyer for an order staying the trial and final determination of the action pending the outcome of the Oklahoma proceedings; and he also appeared at the same hearing in support of a motion for an order requiring the defendant to pay support money and attorney's fees. On June 13, 1959, the Minnesota court made its order requiring the de-

fendant to pay the plaintiff the sum of $200 monthly during the pendency of the action and awarding the plaintiff $200 attorney's fees. This, briefly, is the extent of the court proceedings in the Minnesota action. Since the parties were reconciled in August 1959, there was no further litigation.

The record contains an itemized statement of services which the wife's counsel claims to have furnished in connection with these proceedings. It covers a period from July 15, 1957, to August 1959 and comes to a total of $3,764.75, including costs in the amount of $239.75. The attorney's statement of services includes a large number of small items of work relating largely to consultations with the wife and her creditors concerning obligations for living expenses and hospital bills. Mr. Begin asserts that he expended 133 hours in behalf of the wife for which he should be compensated on the basis of $25 per hour. After hearing the testimony, including the opinions of lawyers to the effect that $25 per hour was a reasonable fee under the circumstances for this kind of work for a competent, well-qualified lawyer, and considering all of the other evidence, the trial court made its order "that Z. L. Begin have and recover of the defendant, as his attorney's fees and expenses for services performed by him in the prosecution of an action for divorce in said County on behalf of said plaintiff and against said defendant, the additional sum of $1,000.00, he having been heretofore paid the sum of $200.00."

■ It is well established in this state that in determining a reasonable attorney's fee in a divorce action the trial court may take into consideration the importance of the litigation, the responsibility assumed by the attorney, the nature and extent of services to the client, the amount customarily charged for services of like kind, the ability and standing of counsel as well as the ability and standing of opposing counsel, and where, as here, the wife is without funds, the financial condition of the husband may be considered. In Hempel v. Hempel, 225 Minn. 287, 293, 30 N. W. (2d) 594, 598, we said:

"* * * It should be remembered, too, that the possession of wealth provides the possessor with the 'sinews of war.' A man of wealth can hire able counsel and enlist the support of other allies. The allowance to the wife's attorneys should be in such amount as to enable her

also to hire able counsel, and, so far as possible, make the legal contest one on even terms. Day v. Day, 15 Idaho 107, 96 P. 431, *supra.*"[1]

■ It seems to us from an examination of the record and the plaintiff's counsel's brief that he mistakenly assumed without proof that the husband's financial condition would justify an award in the amount he claims. It is claimed in the brief and in the affidavit of the wife that the defendant had an income of $1,000 per month but there is a letter from the husband's Oklahoma lawyer that his take-home pay was $455 per month. There is no evidence in the record which establishes the husband's income or his net worth. The only evidence in the record of the defendant's actual financial circumstances is found in the Oklahoma divorce decree, which indicates that the parties acquired a 1956 Buick automobile station wagon, 21 shares of stock in the Standard Oil Company of California of an undetermined value, and household goods then in storage in Oklahoma City.

Without going into a close analysis of the merits of Mr. Begin's claim, we are constrained to observe that there are a number of significant circumstances disclosed by the record which could satisfy the trial court that Mr. Begin has overestimated the value of his time and services. It is well established that the trial court's findings of fact based on conflicting evidence will not be disturbed on appeal unless manifestly against the clear preponderance of the evidence.[2] This rule has particular application in a case such as this where the trial court who passed upon the merits of the attorney's claim has had an opportunity to fairly appraise the amount and value of the work contributed by the attorney. The determination of the amount of attorney's fees to be awarded must depend upon the particular facts in each case and,

[1]See, also, Johnson v. Johnson, 256 Minn. 33, 97 N. W. (2d) 279; Eck v. Eck, 252 Minn. 290, 90 N. W. (2d) 211; Naffke v. Naffke, 240 Minn. 468, 62 N. W. (2d) 63; Aske v. Aske, 233 Minn. 540, 47 N. W. (2d) 417; Krusemark v. Krusemark, 232 Minn. 416, 46 N. W. (2d) 647; Wilson v. Wilson, 229 Minn. 126, 38 N. W. (2d) 154; Thompson v. Thompson, 227 Minn. 256, 35 N. W. (2d) 289; Minn. St. 518.14.

[2]Martinson v. Martinson, 116 Minn. 128, 133 N. W. 460; Visneski v. Visneski, 219 Minn. 217, 17 N. W. (2d) 313; Ellingson v. Ellingson, 227 Minn. 149, 34 N. W. (2d) 356; Stoll v. Stoll, 243 Minn. 510, 68 N. W. (2d) 367.

as we have observed many times, that determination rests in the discretion of the trial court and will not be disturbed on appeal except for a clear abuse of it.[3]

Affirmed.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[3]Hempel v. Hempel, 225 Minn. 287, 30 N. W. (2d) 594; Burke v. Burke, 208 Minn. 1, 292 N. W. 426; Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227.