WRIGHT, Justice
(dissenting).
The majority and I agree that we generally apply the plain error test to alleged errors for which there was no objection at trial. State v. Hill, 801 N.W.2d 646, 654 (Minn.2011); see Minn. R.Crim. P. 31.02, We also agree that the plain error test is appropriate to review the five alleged violations of Minn. R.Crim. P. 26.01, subd. 4, in this case. Regarding the first and second errors (the appellant pleading “guilty” instead of “not guilty” and failing to acknowledge the dispositive nature of the pretrial issue), I concur that the plain error legal standard is not met because these errors either did not affect appellant’s substantial rights or .they did not affect the fairness and the integrity of the judicial proceedings such that reversal would.be warranted.
Nevertheless, the repeated noncompli-anee with Rule 26.01 by trial counsel and by district courts, in this and other cases, is deeply troubling. And for far too long, •this court has afforded a concerning degree of tolerance that fosters both unauthorized Lothenbaeh procedures and disregard for the rules governing the criminal process. See, e.g., State v. Diede, 795 N.W.2d 836, 842 n. 2 (Minn.2011) (noting that the district court followed the superseded Lothenbaeh procedure, but concluding that the process only “closely resemble[d]” Rule 26.01, subdivision 4); State v. Busse, 644 N.W.2d 79, 82 n. 3 (Minn.2002) (noting that the defendant pleaded “guilty” even though' the proper procedure required a plea of “not guilty”); State v. Verschelde, 595 N.W.2d 192, 194-95 (Minn.1999) (noting that the “erroneous labeling” of a Lothenbaeh plea as a “guilty plea” by the parties and district court at the plea hearing reflected the “appellant’s confusion” about the proper Lothenbaeh procedure, but nonetheless concluding that “appellant did not in fact plead guilty”); State v. Ford, 397 N.W.2d 875, 878 (Minn.1986) (“Although [the Lothenbaeh procedure] was not followed in this case [because the district court acceptéd the defendant’s plea of ‘guilty’ instead of ‘not guilty], the circumstances are similar to those in Lothen-bach.”).
The,.State’s misguided argument that the extensive violations of Rule 26.01, subdivision 4, present here, such as accepting a plea of “guilty instead of “not, guilty,” are a “common procedure by the court” in Houston County, makes this case even more troubling. Because our warnings over the last quarter, century have gone unheeded, now is the. time to say — and mean — that continued noncompliance with Rule 26.01, subdivision 4, will no longer be tolerated. Cf., e.g,, State v. Lefthand, 488 N.W.2d 799, 802 (Minn.1992) (“Where the prosecution persists in skirting our rules and disregarding our admonitions, we are left with no option but to reverse.”); State *810 v. Merrill, 428 N.W.2d 361, 373 (Minn.1988) (warning prosecutors “for the last time that we will no longer tolerate the tactics used ... in this case. The prosecution can expect a reversal if such tactics are used again.”). The court should announce that the failure to comply substantially with Rule 26.01, subdivision 4, will be deemed reversible error in future cases, whether under the plain error test, or if necessary, in the “interests of justice” under our power to supervise trial courts, to ensure that our criminal rules are properly observed. See State v. Schwantes, 314 N.W.2d 243, 245 (Minn.1982) (“[Although the evidence of defendant's guilt was strong, we conclude that a new trial is required in the interests of justice and to insure that the reciprocal discovery rules adopted by this court are observed_”); see also State v. Beecroft, 813 N.W.2d 814, 852 (Minn.2012) (plurality opinion); State v. Salitros, 499 N.W.2d 815, 820 (Minn.1993); State v. Kaiser, 486 N.W.2d 384, 387 (Minn.1992).
However, I disagree with the majority’s disposition of the third error. Myhre never acknowledged that appellate review would be limited to the pretrial issue and would not extend to his guilt. This omission is a violation of Rule 26.01, subdivision 4(f)’s requirement that the “defendant must also acknowledge that appellate review will be of the pretrial issue, but not of the defendant’s guilt.” Not only did the district court fail to ensure that Myhre understood that he was relinquishing this right and to elicit this critical acknowl-edgement, Myhre stated precisely the opposite on the record. Myhre plainly stated that he planned to “appeal the Court’s finding of guilt.” Because this error satisfies the plain error test, and because it satisfies the “interests of justice” requirement to overcome forfeiture, I would reverse and remand for new proceedings. For these reasons, I respectfully dissent.
I.
When applying the plain error test, we determine whether “there was (1) an error (2). that was plain (3) that affected the defendant’s substantial rights.” State v. Little, 851 N.W.2d 878, 884 (Minn.2014) (citing State v. Griller, 583 N.W.2d 736, 740 (Minn.1998)). If those three elements are met, we reverse when the error “seriously affects the fairness and integrity of the judicial proceedings.” Id,
Rule 26.01, subdivision 4, requires that the defendant “acknowledge that appellate review will be of the pretrial issue, but not of the defendant’s guilt.” The district court’s failure to obtain this acknowledgement from Myhre is plain error. See Little, 851 N.W.2d at 884 (“An error is ‘plain’ if it is clear and obvious at the time of appeal,” and “[a]n error is clear or obvious if it ‘contravenes case law, a rule, or a standard of conduct.’” (citation omitted) (quoting State v. Ramey, 721 N.W.2d 294, 302 (Minn.2006))). Not only did the district court violate Rule 26.01, subdivision 4, by failing to elicit this acknowledgement, the district court also failed to correct Myhre’s mistaken belief that he would be able to appeal the district court’s finding of guilt. During the hearing, defense counsel stated to Myhre, “What you’re expecting is for the Court to read those facts and find you guilty and then a sentence will be imposed, and then we will ... appeal the Court’s finding of guilt; is that correct?” (Emphasis added.) Myhre answered, “Yes.”
Myhre’s arguments on appeal reinforce his expectation that appellate review would extend to the finding of guilt. At the court of appeals, in addition to challenging the validity of his plea and the constitutionality of the implied-consent law, Myhre .attempted to- challenge the sufficiency of *811 the evidence for his conviction. See State v. Myhre, No. A14-0670, 2015 WL 853465, at *4 & n. 5 (Minn.App. Mar. 2, 2015). However, the court of appeals declined to review the sufficiency of the evidence because Rule 26.01, subdivision 4, limits appellate review to pretrial issues and precludes the review of a defendant’s guilt. See id. (“[W]e do not address appellant’s sufficiency-of-the-evidence issue.... We ... decline to review appellant’s guilt or other issues in accord with Minn. R.Crim. P. 26.01, subd. 4(f).”).
Because Myhre clearly did not understand and agree to exclude from appellate review the district court’s determination of his guilt, Myhre’s substantial rights were affected. The right to appeal from a determination of guilt is a substantial right to which all criminal defendants are entitled, unless it is knowingly and intelligently waived. See Hoagland v. State, 518 N.W.2d 531, 534 (Minn.1994) (“[A] convicted defendant is'entitled to at least one right of review by -an appellate or postcon-viction court.... In - a direct appeal ... this court must determine .., whether a jury could reasonably conclude that defendant was guilty of the offense charged.” (citation omitted) (internal quotation marks omitted)). A defendant’s substantial rights are affected when there is a reasonable possibility that the error had a significant effect on the proceeding. See Little, 851 N.W.2d, at 884-85. In Little, for example, we reversed a conviction and remanded, holding that the district court’s failure to elicit a personal waiver of the jury trial right satisfied the plain error test because there was a “reasonable possibility” that, but for that error, the defendant would have chosen to proceed with a jury trial. See id. at 884-86.
Here, there is a “reasonable possibility” that the district court’s failure to elicit Myhre’s acknowledgement that the scope of appellate review was limited, along with its failure to correct the explicit misinformation that Myhre could appeal a finding of.his guilt, had a significant effect on the proceedings. This is particularly so, in light of the type of plea procedure in which the parties engaged. If Myhre had been informed properly, rather than .expressly mis informed, of the appellate consequences of the plea procedure, there is a reasonable possibility that Myhre would have chosen one of many other procedures that, ivould have allowed him to appeal the determination of guilt. These procedures include a stipulated facts trial, a bench trial, or a jury trial, under. Rule. 26.01, subdivisions 1-3. Myhre’s affirmation during the plea hearing that he “expect[ed] ... [that he would] appeal the Court’s finding of guilt,” and his subsequent appellate claims challenging the sufficiency of the evidence, demonstrate both Myhre’s intention to appeal the district court’s determination of his guilt and a “reasonable likelihood that, but for the district court’s 'error, he would not have” engaged in the (putative) Rule 26.01, subdivision 4,-procedure that precluded him from doing so. See Little, 851 N.W.2d at 886. The majority’s decision effectively concludes that Myhre unwittingly and involuntarily waived a substantial right that he intended to invoke — -the right to appeal a .finding .of guilt — through an unauthorized procedure that is contrary to Rule 26.01, subdivision 4. A “waiver” that is the product of both a plainly erroneous failure to elicit the acknowledgement required by subdivision. 4(f) and misinformation regarding the scope of appellate review is not knowingly and intelligently made.
• In Little, an- analogous jury-trial-waiver case, we applied the plain error test-and reversed, holding that - there- was a “reasonable possibility” that Little would not have waived a jury trial. 851 N.W.2d at 885-86. We did- so because-the district *812 court did not properly question Little to obtain his personal waiver, and because it was unclear whether Little and his counsel “fully discussed the advantages and disadvantages-of waiving a jury trial,” such that Little had a “full appreciation” of what was happening. Id. Here, an even stronger factual basis for reversal exists. The record in Little was “silent” on whether the defendant would have waived his jury trial right had he been properly questioned by the district court, and Little offered no evidence on whether he would have sought a jury trial had he been properly informed Of his rights. See id. at 886; see also id. at 895-96 (Stras, J., dissenting). Having reversed when applying the “reasonable possibility” standard in Little, surely reversal is warranted here.
. No guesswork is needed here. We have direct evidence supporting more than a reasonable possibility that Myhre would have chosen a different procedure had he been properly informed. of his rights. Myhre confirmed on the record, during the hearing, that he “expect[ed] ... [to] appeal the Court’s, finding of guilt,” This is precisely contrary-to the requirement that a defendant -acknowledge that the issue of guilt cannot be appealed under Rule 26.01, subdivision 4. The error in Little was passive, an act of omission — the lack of-proper questioning by the district court and no personal waiver by the defendant. . From that error wé inferred a “reasonable possibility” that the.defendant would have chosen :a different procedure had the questioning occurred. Here, by contrast,' the defendant was actively misinformed on the record. After the error, Myhre clearly advised; the district court and counsel of his intention to appeal a .finding of guilt. And true to his word, he attempted to do so at-the court of appeals. When compared to the facts in Little, the facts here establish an - even. greater likelihood or “reasonable possibility” that Myhre would have chosen a different procedure — such as a stipulated facts trial,, a bench trial, or a jury trial — had his counsel or the district court properly informed him on the record that the issue of guilt could not be appealed under Rule 26.01, subdivision 4. This error affected Myhre’s substantial rights.
Lastly, we inquire whether reversal is required to “ensure fairness and the integrity of the judicial proceedings.” Little, 851 N.W.2d at 886 (quoting Griller, 588 N.W.2d at 740). The right to appeal a finding of guilt is fundamental to the fairness and integrity of our criminal justice system. See Spann v. State, 704 N.W.2d 486, 493-95 (Minn.2005) (holding that to preserve the fairness and integrity of the judicial system, a defendant may not waive the right to appeal after conviction); Hoagland, 518 N.W.2d at 534 (“[A] convicted defendant is entitled to at least one right of review by an appellate or postcon-viction court.”). Because Myhre never acknowledged that he was relinquishing the right to appeal his guilt, as required by Rulé 26.01, subdivision- 4, and because he was advised during the plea hearing that his' ability to appeal his guilt was preserved, a decision to affirm the criminal conviction seriously undermines the fairness and integrity of the judicial proceedings. See Little, 851 N.W.2d at 886. 'The plain error test is fully satisfied.
n.,
The majority elects not to reach the merits- or conduct a plain error analysis of the'third error — that Myhre did not -acknowledge on the record that he would be unable to appeal his guilt. Rather, the majority rests its decision solely on a determination that Myhre forfeited this error. Although Myhre argued this error in *813 his appellate brief to our .court,[8] he neither raised this error before the court of appeals nor in his petition for, review. It is true, as the majority opinion states, that issues raised for the first time at .the Minnesota Supreme Court generally are considered forfeited, see State v. Campbell 814 N.W.2d 1, 4 n. 4 (Minn.2012), and that we are reluctant to address issues that were not raised in a petition for review, In re GlaxoSmithKline PLC, 699 N.W.2d 749, 757 (Minn.2005). But the State has never asserted forfeiture. And we recently “decline[d] to address” a forfeiture argument, because the state failed to adequately preserve and present it. State v. Hester, 796 N.W.2d 828, 331 n. 2 (Minn.2011).
Even if forfeiture is applicable, we, the Minnesota Supreme Court, have the discretion to reach issues that would otherwise be forfeited when the “interests of justice” require consideration of such issues and our consideration “would not unfairly surprise a party to the appeal.” Roby v. State, 547 N.W.2d 354, 357 (Minn.1996); see GlaxoSmithKline, 699 N.W.2d at 757 (stating that “[gjenerally, we do not address issues that were not raised in a petition for review” but that “we may deviate from [this general rule] in the interests of justice”); see also Minn. R. Civ.App. P. 103.04 (providing that appellate courts “may review any other matter as the interest of justice may require”).
Here, the “interests of justice” overcome forfeiture for two reasons. First, the alleged error affects a substantial right — the right'to appeal a finding of guilt. Second, addressing the error is necessary to preserve the fairness and the integrity of the judicial proceedings. Myhre’s counsel erroneously informed Myhre •: during the hearing, in the presence of the district court and the prosecutor, that the chosen procedure would allow him to appeal his guilt. The district court failed to correct this erroneous statement regarding the relinquishment of a substantial right and failed to elicit Myhre’s acknowledgement and ensure his understanding of the limited scope of review afforded by Rule 26.01, subdivision 4. Thereafter, Myhre’s right to appeal his guilt at the court of appeals was foreclosed. Because-the error at issue here seriously harms the fairness and integrity-of the judicial proceedings, it also invokes the similar “interests of justice” rationale for overcoming forfeiture. The State would not be “unfairly surprised” by *814 our consideration of this issue. Myhre’s opening brief presented the argument, giving the State ample opportunity to counter it both in its responsive brief and during oral argument.
The district court’s failure to elicit Myhre’s acknowledgement of the limited scope of review under Rule 26.01, subdivision 4, and the district court’s failure to correct defense counsel’s erroneous statement that utilizing the chosen procedure would permit Myhre to “appeal the Court’s finding of guilt,” satisfy both the plain error test and the “interests of justice” exception to forfeiture. Our sustained tolerance of unauthorized plea procedures and serious violations of Rule 26.01, subdivision 4, results in an unjust decision here. Allowing a forfeiture of the right to appeal a determination of guilt to stand under these circumstances seriously harms the public’s confidence in the justice, fairness, and integrity of our judicial proceedings. For these reasons, I respectfully dissent.

. The majority holds that this error is forfeited in part because Myhre’s brief to this court "provides no substantial analysis or argu- ' ment” regarding this error. This is not so. Myhre’s brief to this court provides as follows:
[Cjontrary to the plain language of subdivision 4(f), Myhre did not acknowledge that appellate review would be limited to the pretrial issue and would not be of his guilt. Instead, Myhre affirmed his understanding that the purpose of review would be to "appeal the court’s finding of guilt."
Forfeiture for inadequate briefing typically applies to an appellant’s mere assertion that an error occurred, without providing any supporting legal authority, argument, or a factual basis for that error. See Balder v. Haley, 399 N.W.2d 77, 80 (Minn.1987); Louden v. Louden, 221 Minn. 338, 339, 22 N.W.2d 164, 166 (1946). Here, Myhre’s brief cites the applicable legal authority (subdivision 4(f)) and presents both a legal argument and a factual basis for the violation of that authority, Myhre asserted that the plain language of subdivision 4(f) was violated, for two reasons: one, because he never acknowledged that appellate review would be limited to the pretrial issue and did not encompass his guilt, and two, because he affirmed, during the plea hearing, his plainly erroneous understanding that he could appeal the court's finding of guilt. Moreover, even assuming forfeiture for inadequate briefing, such forfeiture may be overcome if prejudicial error is obvious on mere inspection, Balder, 399 N.W.2d at 80, or it may be overcome by the court’s discretion in the interest of justice, id. (citing Minn. R. Civ.App. P. 103.04).’ Both of these bases for - overcoming forfeiture are satisfied here.