*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1588**

Laura Kay Ellingsworth, petitioner,
Respondent,

Hennepin County, petitioner,
Respondent,

vs.

Moses Wazwaz,
Appellant.

**Filed June 13, 2016
Affirmed; motion denied
Kirk, Judge**

Hennepin County District Court
File No. 27-FA-000255142

Laura Kay Ellingsworth (pro se respondent)

Michael O. Freeman, Hennepin County Attorney, Julie K. Harris, Assistant County Attorney, Minneapolis, Minnesota (for respondent Hennepin County)

Moses Wazwaz, Spring Lake Park, Minnesota (pro se appellant)

Considered and decided by Larkin, Presiding Judge; Connolly, Judge; and Kirk, Judge.

**KIRK**, Judge

Appellant-father Moses Wazwaz challenges an order filed by the child support magistrate (CSM) denying his motion to modify his child-support obligation, exempt him from paying interest on his child-support arrears, and reinstate his driver's license and passport. He asserts that the CSM erred in determining that he can afford to pay child support, that he can obtain employment without a valid driver's license, and that the CSM lacked authority to address the suspension of his passport. Father also claims the state's requirement that he pay interest on his child-support arrears violates his constitutional right to freedom of religion, and the suspension of his passport for failure to pay child-support arrears violates his constitutional right to travel. Further, father requests that this court grant him a new evidentiary hearing and that his child-support payments be suspended pending that hearing. Because father failed to adequately brief these issues on appeal, we affirm.

Additionally, respondent Hennepin County moves to strike the statement of facts section and addendum of father's appellate brief because they include material outside of the record. Because father's appellate materials do not impact this court's decision, we deny Hennepin County's motion to strike as unnecessary.

## FACTS

On April 27, 1999, a child was born to father and respondent-mother Laura Kay Ellingsworth. On August 17, 1999, in a domestic-abuse action, father was ordered to pay child support to mother. In 2000, Hennepin County brought a motion to establish child

support. On June 16, 2000, following an evidentiary hearing, the CSM set child support at $1,901.50 per month, including medical support and child-care expenses. Father did not provide the required financial documents, and the CSM found father's testimony to be evasive and misleading. The CSM concluded that father's testimony was not credible and that he was voluntarily unemployed.

From 2000 through 2004, father repeatedly filed motions challenging the CSM's decisions or seeking modification of his child-support obligation. Father fell into significant arrears and was found in constructive civil contempt on February 23, 2007. A stayed sentence of 100 days was put in place with a purge condition of child-support and arrearage payments totaling $500 per month. Father made regular purge payments through May of 2008, then stopped making payments.

Father was ordered to appear on February 6, 2009, to make a purge payment of $3,500. He failed to appear or make the payment, and a bench warrant was issued for his arrest. The warrant expired before father was arrested.

After struggling to serve father, Hennepin County initiated a new contempt proceeding, and the district court filed an order on December 24, 2014, revoking the stay of father's sentence and imposing a new purge condition of a single payment of $35,500. Sometime before 2015, father's driver's license and passport were suspended for failure to pay child support. On January 21, 2015, father was charged with felony non-payment of support.[1] Father was arrested, paid $5,000 in bail in his criminal case, and made the

---

[1] Father pleaded guilty on January 25, 2016.

3

$35,500 purge payment, to secure his release on May 11. At the time of his arrest, father had $1,700 on his person. Father has not made a child-support payment since May 11.

On May 27, father filed an amended motion to modify child support, requesting: (1) a decrease in child-support and arrearage payments; (2) reinstatement of his driver's license and passport; (3) forgiveness of any interest owed on his arrears; and (4) exemption from payment of future interest. Father stated in his supporting affidavit that the modification was warranted because he was currently unemployed. On July 10, the CSM held an evidentiary hearing. At the hearing, father requested that the CSM suspend his child-support obligation indefinitely based on his unemployment and poor job prospects. On August 10, the CSM filed an order denying father's motion, concluding that father's testimony and claims were not credible.

Father appeals.

**D E C I S I O N**

The issues raised in father's pro se appellate brief do not contain any legal arguments or citations to legal authority, and are therefore waived. *State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008); *State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002). Father states in the introduction to his brief that the CSM "abused [her] discretion when [she] failed to consider and properly weigh all relevant factors, while assigning too much significance to irrelevant factors." He fails to point to any factors the CSM did or did not assign proper weight to, and an inspection of the record does not reveal clear error. *See Louden v. Louden*, 221 Minn. 338, 339, 22 N.W.2d 164, 166 (1946) ("An assignment of error based on mere assertion and not supported by any argument or authorities in

4

appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection."). Father asks this court to accept his conclusions without supporting his position, and we decline to do so. We affirm the CSM's order and deny father's request for a new evidentiary hearing.

Furthermore, upon comparison with the district court record, it is clear that the bulk of father's statement of facts section and his addendum are not appropriately before this court. *See Rostamkhani v. City of St. Paul*, 645 N.W.2d 479, 483 (Minn. App. 2002); *see also* Minn. R. Civ. App. P. 110.01 (defining the record on appeal). Absent compliance with Minn. R. Civ. App. P. 110.05, parties are not permitted to modify the record on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). It would be appropriate for this court to grant Hennepin County's motion to strike; however, because father failed to properly argue his issues on appeal, the contents of his filings have no effect upon our decision. Furthermore, there is nothing in father's filings that, if taken as true and properly before this court, would cause him to prevail on the issues raised in his appeal. Therefore, this court denies Hennepin County's motion to strike as unnecessary. *See Clark v. Clark*, 642 N.W.2d 459, 467 (Minn. App. 2002) (denying motions to strike as unnecessary due to the outcome of the appeal).

We affirm the CSM's order and deny as unnecessary Hennepin County's motion to strike.

**Affirmed; motion denied.**